IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 3:15-CR-125-1

KENDRICK ECHOLS

**ORDER**

Kendrick Echols was sentenced to 135 months of imprisonment after pleading guilty to conspiracy to distribute cocaine. Having served forty months on his sentence, he now seeks compassionate release based on the current COVID-19 pandemic and his claim of suffering from both glaucoma and asthma. Because glaucoma is not a risk factor for COVID-19 complications and because Echols has presented only conclusory evidence that he has asthma of the severity to warrant consideration of his compassionate release, his request for compassionate release will be denied.

**I**
**Procedural History**

On October 21, 2015, Kendrick Echols and three codefendants were charged in an eight-count indictment with various crimes arising from a conspiracy to distribute cocaine. Doc. #1. On May 20, 2016, pursuant to a plea agreement, Echols pled guilty to Count One of the indictment— conspiracy to distribute cocaine. Doc. #68. On November 3, 2016, the Court sentenced Echols to 135 months imprisonment and 8 years supervised release, and allowed him to voluntarily surrender to begin service of his sentence. Docs. #121, #122, #124. Echols began to serve his sentence on January 9, 2017, approximately forty months ago. Doc. #126.

On April 28, 2020, Echols filed an "Expedited Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)." Doc. #133 at 1. The motion has been fully briefed in accordance

with the expedited briefing schedule ordered by the Court. Doc. #134, #136, #137. On May 6, 2020, the government moved for leave to file a sur-reply. Doc. #138.

## II
## Analysis

While somewhat contradictory, Echols' motion seeks both "resentencing to time-served under the First Step Act of 2018, CARES Act, and 18 U.S.C. § 3582(c)(1)(A)," and permission "to serve the remainder of his sentence on home confinement." Doc. #133 at 1, 13.

As an initial matter, while Echols references the CARES Act, the CARES Act appears inapplicable to his request for relief for home confinement. "The CARES Act, enacted on March 27, 2020, allows the Director [of the Bureau of Prisons] to 'lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement' under [18 U.S.C. § 3624(c)(2)]." *United States v. Perry*, No. 18-cr-480-PAB, 2020 WL 1676773, at *2 n.2 (D. Colo. Apr. 3, 2020). The CARES Act does not authorize a court to release an inmate to home confinement, as that decision rests with the Bureau of Prisons. *Id.*; *see Cordaro v. Finley*, No. 3:10-CR-75, 2020 WL 2084960, at *6 (M.D. Pa. April 3, 2020); *McCarson v. Reherman*, No. 2:20-1386-HMH-MGB, 2020 WL 2110770, at *2 (D.S.C. May 4, 2020). Thus, Echols' motion is properly analyzed under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act.

18 U.S.C. § 3582(c), as amended by the First Step Act, provides in relevant part:

> (c) **Modification of an Imposed Term of Imprisonment.**-- The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of

2

> probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> > (i) extraordinary and compelling reasons warrant such a reduction
>
> ….
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ….

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may grant relief under §3582(c)(1)(A) only if (1) the procedural requirements of the statute have been met; (2) it considers the applicable factors set forth in 18 U.S.C. § 3553(a); (3) extraordinary and compelling reasons warrant reduction; and (4) the reduction is consistent with applicable policy statements of the Sentencing Commission.

## A. Procedural Requirements

Section 3582 requires that before seeking compassionate release, a defendant "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or wait "30 days from the receipt of such a request by the warden of the defendant's facility." Courts in this circuit are split on whether these procedural requirements are jurisdictional and thus not amenable to waiver or other exceptions. *Compare, e.g.*, *United States v. Gentry*, No. 5:03-50033-05, 2020 WL 2131001, at *2 (W.D. La. May 5, 2020) (exhaustion requirement jurisdictional) *with United States v. Kelly*, No. 3:13-CR-59-CWR-LRA-2, 2020 WL 2104241, at *3–4 (S.D. Miss. May 1, 2020) (exhaustion requirement not jurisdictional).

Of the two positions, it seems to this Court that the jurisdictional classification is the stronger one, at least in the Fifth Circuit. *See United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010) ("The district court's jurisdiction to correct or modify a defendant's sentence is limited to those *specific* circumstances enumerated by Congress in 18 U.S.C. § 3582.") (emphasis added). Regardless, because Echols' motion fails on the substantive requirements for relief, the Court need

not resolve this jurisdictional question.

## B. Substantive Requirements

"United States Sentencing Guideline § 1B1.13 is the applicable policy statement related to compassionate release." *United States v. Dunlap*, __ F. Supp. 3d __, No. 1:02cr165-1, 2020 WL 2062311, at *1 (M.D.N.C. Apr. 29, 2020). The provision "essentially reiterates the requirements of § 3582(c)(1)(A), with the additional requirement that a defendant not be 'a danger to the safety of any other person or to the community.'" *Id*. "Generally, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Crandle*, No. 10-35-SDD-RLB, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020).

Application Note 1 to § 1B1.13 provides that extraordinary and compelling reasons may exist based on the medical condition of the defendant, the age of the defendant, the defendant's family circumstances, or "Other Reasons," "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. n.1. While § 1B1.13's "Other Reasons" provision refers to a determination by the Director of the Bureau of Prisons, "the correct interpretation of § 3582(c)(1)(A)—based on the text, statutory history and structure, … is that when a defendant brings a motion for a sentence reduction under the amended provision, the Court can determine whether any extraordinary and compelling reasons other than those delineated … warrant granting relief." *United States v. Cantu*, 423 F. Supp. 3d 345, 352 (S.D. Tex. 2019).

Echols argues that COVID-19 creates an extraordinary and compelling circumstance based on his "high-risk medical profile." Doc. #133 at 12. According to Echols, he "suffers from a number of health problems, including asthma and glaucoma." *Id.*

First, while Echols' glaucoma is referenced in the presentence investigation report, "[g]laucoma is not a known risk factor" for COVID-19 and, therefore, does not justify

compassionate release based on the COVID-19 outbreak. *United States v. Calhoun*, No. 18-20820, 2020 WL 1975186, at *2 (E.D. Mich. Apr. 24, 2020). Accordingly, Echols' motion fails in this regard.

As to asthma, the CDC warns that "[p]eople with *moderate to severe* asthma may be at higher risk of getting very sick from COVID-19."[1] Consistent with this advice, to show extraordinary and compelling circumstances, a defendant must do more than "note that he has asthma, he is in prison, and there is a COVID-19 outbreak nationwide." *United States v. Rodriguez*, No. 16-CR-167(LAP), 2020 WL 1866040, at *4 (S.D.N.Y. Apr. 14, 2020). Rather, a defendant must show that his asthma is "moderate or severe." *United States v. Miller*, No. 18-cr-30034, 2020 WL 2093370, at *3 (C.D. Ill. May 1, 2020) ("[A]lthough Defendant suffers from asthma, nothing in the medical records supplied by the Government indicates that Defendant's asthma is moderate or severe."). Conclusory assertions of medical conditions unsupported by medical records do not satisfy this standard. *See United States v. Shamilov*, No. 19-cr-238 (SRN), 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020) ("As to Shamilov's medical condition, he offers no current documentation of his ongoing issues with asthma.").

The only evidence of asthma Echols presents is a "Compassionate Release Intake Sheet," which purports to include an unsworn statement from his brother that Echols "has sever [sic] Asthma." Doc. #133-1 at PageID #480. Echols has submitted no supporting documentation for this assertion. Accordingly, he cannot establish the extraordinary and compelling circumstances which would justify his compassionate release for asthma. *Shamilov*, 2020 WL 2029600, at *3.

So, Echols' motion for compassionate release will be denied. The government's motion

---

[1] Centers for Disease Control and Prevention, *People with Moderate to Severe Asthma*, Coronavirus Disease 2019 (COVID-19), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html (last updated April 2, 2020) (emphasis added).

for permission to file a sur-reply, therefore, will be denied as moot. *King v. Life School*, No. 3:10-CV-0042-BH, 2011 WL 5242464, at *1 n.1 (N.D. Tex. Nov. 3, 2011) ("Since the motion … has been denied, a sur-reply is unnecessary, and the motion for leave to file a sur-reply is DENIED as moot.").

### III
### Conclusion

Echols' motion for compassionate release [133] is **DENIED**. The government's motion for leave to file a sur-reply [138] is **DENIED as moot**.

**SO ORDERED**, this 8th day of May, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**